# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SPA SYSPATRONIC, AG | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:07-CV-416 |
| | § | |
| VERIFONE, INC., et al | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants VeriFone, Inc.'s and VeriFone Holdings, Inc.'s (hereinafter "VeriFone" or "Defendants") Motion to Stay Proceedings Pending a Reexamination of the Patent-in-Suit (Doc. No. 50). For the reasons that follow, Defendants' motion is **GRANTED**.

## BACKGROUND

On September 18, 2007, Spa Syspatronic, AG (hereinafter "Spa") filed suit alleging Defendants are actively infringing U.S. Patent No. 5,093,862 (hereinafter "the '862 patent"). The '862 patent, entitled "Data Carrier-Controlled Terminal in a Data Exchange System," was filed with the United States Patent and Trademark Office (hereinafter "PTO") on July 18, 1989, and is set to expire prior to the scheduled trial date.[1] Based in part on the European counterpart to the '862 patent recently being revoked after reexamination, and also on other pieces of recently discovered prior art, VeriFone requested that the PTO perform an *ex parte* reexamination of the '862 patent on January 28, 2008. The PTO granted the request on April 4, 2008. The Court has not held a *Markman* hearing yet, and had not scheduled a *Markman* hearing or trial date at the time VeriFone filed its motion seeking a stay.

---

[1] The '862 patent was filed with the PTO on July 18, 1989, and issued on March 3, 1992. Under the provisions of 35 U.S.C.A. § 154, the patent therefore should expire on July 18, 2009, unless extensions are permissible. *See* 35 U.S.C.A. § 154(c)(1). Spa does not challenge VeriFone's assertion that the '862 patent will expire prior to trial, which is set to begin on November 9, 2009, nor has Spa indicated the '862 patent either remains subject to term extension or has already been extended beyond its traditional lifetime.

## ANALYSIS

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Optimal management of the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 229 U.S. at 254-55. In deciding whether to stay litigation pending reexamination, courts primarily consider three factors: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC*, 356 F. Supp. 2d at 662.

If the stay is unlikely to prejudice the plaintiff, and the motion for stay comes early in the case, courts generally look favorably on granting stays pending reexamination. One major reason why stays pending reexamination are granted is that whether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)"). District Courts have also noted a number of other advantages in granting a stay to allow the PTO to determine the validity of the patent, including: (1) all prior art presented to the Court will have been first

considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated by the PTO examination, (3) in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without the further use of the Court, (5) the record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation, (6) issues, defenses and evidence will be more easily limited in pre-trial conferences after a reexamination, and (7) the cost will likely be reduced both for the parties and the Court. *See Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006); *GPAC, Inc. v. D.W.W. Enter., Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992). Despite the many benefits, each court considering a motion to stay pending reexamination must properly weigh the enumerated factors on a case-by-case basis. *Datatreasury Corp.*, 490 F. Supp. 2d at 755.

In this case, the factors weigh in favor of staying this matter pending reexamination of the '862 patent. Regarding the first factor, the Court is not persuaded Spa would suffer any undue prejudice or tactical disadvantage. While Spa argues that VeriFone unduly delayed in seeking reexamination, the Court finds VeriFone acted diligently.[2] Moreover, Spa's argument regarding VeriFone's delay is somewhat disingenuous. While Spa contends that it has been negotiating with VeriFone, it nonetheless brought its lawsuit late in the '862 patent's life, which ultimately resulted

---

[2] VeriFone indicated it became aware of "three or four pieces of prior art only after searching conducted in response to Plaintiff's complaint." Defs.' Reply in Support of Mot. to Stay Proceedings Pending a Reexamination of the Patent-in-Suit at 2. VeriFone completed its prior art searching and filed its motion seeking a stay within five months of service of Plaintiff's complaint. Also, as discussed later in this order, VeriFone filed its motion prior to completion of a *Markman* hearing, trial schedule or significant discovery, all of which weighs in favor of granting a stay.

in a trial date after the expiration of the patent's twenty year term.[3] *See* 35 U.S.C.A. § 154(c)(1). Since Spa will apparently be unable to enforce its exclusive intellectual property rights in the '862 patent post-trial, a permanent injunction to prevent future infringement will be unavailable as a remedy, and therefore damages and pre-judgment interest provide an adequate measure of relief to Spa for any infringement finding.[4] Moreover, the parties are apparently not direct competitors in the marketplace, and therefore a stay is also unlikely to directly prejudice Spa's standing in the market during the remainder of the '862 patent's life, making any harm from delay even less acute.

Spa argues a number of other aspects of a stay will unduly prejudice it. First, Spa argues it will be prejudiced because a reexamination could take years, delaying its day in court to some indefinite time period in the future. However, courts have noted that "[r]eexamination does not threaten protracted or indefinite delay[, as] [t]he reexamination statute directs the PTO to conduct reexamination proceedings with 'special dispatch,'" and since the '862 patent is involved in litigation, "the reexamination proceeding will 'have priority over all other cases.'" *Alza Corp. v. Wyeth and Wyeth Pharm., Inc.*, 2006 WL 3500015, at *1 (E.D. Tex. 2006). Spa also argues it will be prejudiced because granting the stay means Defendants will have little reason to consider settlement during reexamination. However, courts considering granting stays have often found the result of reexamination ultimately encourages settlement without need for further intervention from the Court. *See Datatreasury Corp.*, 490 F. Supp. 2d at 754; *GPAC, Inc.*, 144 F.R.D. at 63. Finally,

---

[3] Again, Spa has not indicated the patent is subject to any term extension that would (or could) carry its life span beyond the 20 year term.

[4] Spa did not contest VeriFone's assertion that a permanent injunction would not be available as a remedy, and also did not contest VeriFone's assertion that damages and prejudgment interest would fully compensate Spa should Spa receive a favorable infringement verdict at trial. Spa's argument on the prejudice factor focused on the time delay to resolving the issue, not on the content of the resolution itself.

Spa argues it will suffer prejudice because the reexamination is *ex parte*, meaning VeriFone will not be estopped from relitigating validity of the patents at trial after reexamination. The Court agrees that Spa will suffer some prejudice as a result of the *ex parte* proceeding. However, VeriFone indicated that it requested an *ex parte* reexamination because the *inter partes* procedure is not available for a patent as old as the '862 patent.[5] Due to the age of the patent, it cannot be held against VeriFone that an *inter partes* proceeding is not available. Ultimately, while Spa will suffer some prejudice because of the *ex parte* proceeding, the hardship is balanced by the many other factors allaying the prejudice in granting the stay discussed throughout this order, particularly the conservation of resources, potential simplification of the issues, and the presence of reexamination procedures ensuring as rapid a process as possible since the '862 patent is involved in litigation. Spa is unlikely to suffer any *undue* prejudice if a stay is granted, and therefore the first factor weighs neutrally.

While the first factor is neutral, both the second and third factors weigh heavily in favor of granting a stay. Historically, the PTO has eliminated, amended or otherwise limited the claims in over 70% of reexamined patents. *Broad. Innovation, L.L.C. v. Charter Commc'n, Inc.*, 2006 WL 1897165, at *8 n.8 (D. Colo. 2006); *Alza Corp.*, 2006 WL 3500015, at *2. The fact that some of the claims are likely to change favors staying the case. *Soverain Software LLC*, 356 F. Supp. 2d at 662. Moreover, "the PTO may be in a better position than the Court to evaluate the validity of a patent in view of prior art references," and allowing the PTO to reexamine the patent first should simplify and streamline the issues in the litigation. *Alza Corp.*, 2006 WL 3500015, at *2. A reexamination

---

[5] Spa does not dispute that an *inter partes* reexamination is unavailable in the present case.

means "courts need not expend unnecessary judicial resource by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Id.* Since granting a stay will maximize the likelihood that assets need not be expended to address invalid claims, it therefore generally makes sense to await the conclusion of a reexamination before resuming litigation. *Id.*

Awaiting a reexamination is particularly pertinent in this case since the '862 patent's European counterpart was recently revoked after reexamination for lack of novelty. While the Court is cognizant of the differences between the United States and European patent systems, and also cognizant that the invalidation of the European patent on its own has little bearing on the validity of the '862 patent in the United States, proceeding with litigation on a patent whose counterpart has already been invalidated is a questionable expense of the Court and parties' resources, particularly when considering the frequency with which the PTO modifies claims in some manner. Aside from the European invalidation, VeriFone also presented other potentially invalidating prior art to the PTO which the PTO stated raised substantial questions of patentability. The risk of proceeding through a trial only to have the PTO modify the claim terms (or revoke the patent entirely) and force the parties to relitigate vastly outweighs any benefits of continuing litigation currently in its infancy.

The PTO's guidance will also have a greater probability of simplifying the issues for trial in this case because all of the patents and claims that are the subject of this litigation will be before the PTO during the reexamination. Even if the PTO does not modify any of the claims, the reexamination still potentially focuses the issues in the case by either eliminating or validating some of the parties' present disputes over the claim terms. *See Gould*, 705 F.2d at 1342. Also, claim construction will ultimately be simplified because statements made during the reexamination become

part of the prosecution history, which allows a full development of the intrinsic evidence to be considered by the Court. *Alza Corp.*, 2006 WL 3500015, at *2. On the whole, the parties and the Court will benefit from the PTO's expert guidance on the issues, and the second factor therefore weighs in favor of staying the case.

With regard to the third and final factor, VeriFone moved for a stay prior to the Court issuing dates of the *Markman* hearing or trial, and at a time while discovery was still in its infancy. The *Markman* hearing in the case is not scheduled until January 8, 2009, and the trial is not until November 9, 2009. Neither the Court nor the parties have invested such resources as to make a stay pending completion of reexamination inefficient and inappropriate, and therefore this factor weighs in favor of granting the stay.

Having weighed the appropriate factors, the Court finds a stay is appropriate and beneficial in this case. Any potential prejudice to Spa in staying the case is outweighed by various other considerations, including: (1) VeriFone did not delay in moving for a stay, (2) the case is still in its infancy, (3) judicial resources and the resources of the parties will likely be conserved, (4) the PTO's guidance will potentially hone the issues for trial, and (5) the unique circumstances surrounding the '862 patent (particularly invalidation of the European counterpart patent, and the greater capability of damages and prejudgment interest to provide an adequate measure of relief in the event of a favorable verdict to a plaintiff whose patent rights will expire prior to trial).[6] The Court finds no undue prejudice to Spa, and therefore the second and third factors favoring granting the stay

---

[6] As noted by other Eastern District of Texas courts presented with motions to stay pending reexamination of patents by the PTO, this Court also reiterates that motions to stay are considered on a case-by-case basis, and there exists no policy in this Court to routinely grant such motions. *Compare Datatreasury Corp.*, 490 F. Supp. 2d at 755 (granting stay), *with Soverain Software LLC*, 356 F. Supp. 2d at 662 (denying stay).

ultimately swing the balance.

## CONCLUSION

For the foregoing reasons, Defendants VeriFone, Inc.'s and VeriFone Holdings, Inc.'s Motion to Stay Proceedings Pending a Reexamination of the Patent-in-Suit is **GRANTED** (Doc. No. 50).

The Court **ORDERS** the parties to provide a status report on the reexamination every sixty (60) days from the issuance of this order, and to immediately notify the Court when the reexamination is completed. The Court hereby **ORDERS** the Clerk's office to administratively close the case until further order of the Court.

**So ORDERED and SIGNED this 24th day of April, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE